IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDREA FAVELA,<br>    Plaintiff,<br><br>v.<br><br>JEFFREY BOYD, GERALD BUSTOS, in his official capacity as SHERIFF OF ROCK ISLAND COUNTY, and ROCK ISLAND COUNTY,<br>    Defendants. | Case No. 4:15-cv-04028-JES-JEH |

# ORDER

Now before the Court is the Defendants', Gerald Bustos in his official capacity as the Sheriff of Rock Island County and Rock Island County, Motion to Dismiss for Failure to State a Claim. (D. 82).[1] The Plaintiff, Andrea Favela, filed a Response. (D. 84). For the reasons set forth below, the Defendants' Motion (D. 82) is DENIED in part and GRANTED in part.

## BACKGROUND

This is the third round of Motions to Dismiss filed by Defendants in this case and it is in response to the Plaintiff's Second Amended Complaint. (D. 22); (D. 69); (D. 71); (D. 82); (D. 77). The parties and the Court are well versed in the factual background. The Plaintiff filed her first Complaint against Jeffrey Boyd—a former Sheriff of Rock Island County, the Rock Island Sheriff's Department, and Rock Island County ("the County"). (D. 1). The Sheriff of Rock Island County ("the Sheriff") and the current sheriff—Gerald Bustos—in his official capacity, have since been named as proper parties in the suit. (D. 77).

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

The Plaintiff alleges in Counts I and II damages pursuant to 42 U.S.C. § 1983 ("§ 1983") for violations of her rights to substantive due process and equal protection. *Id*. at pp. 6-7. She has additional state law claims for: willful and wanton conduct (Count III); intentional infliction of emotional distress (Count IV); *respondeat superior* (Count V); and indemnification (Count VI). *Id*. at pp. 7-9.

In summary, the Plaintiff states that she met Boyd at a gym and he developed a romantic interest in her, which she did not reciprocate. She says, *inter alia*, that Boyd insinuated he had a traffic ticket to issue her, utilized his position as Sheriff to obtain her home address, and generally, threatened, intimidated, and harassed her. She specifically claims Boyd threatened to put her in jail for driving without a valid driver's license and told the Illinois State Police that he believed she was involved in illegal narcotic distribution. *Id.* at pp. 2-5.

Boyd moved to dismiss the Plaintiff's original Complaint, arguing in part, that she failed to plead an individual capacity claim against him since the allegations all pertained to times when he was serving as the Rock Island County Sheriff. (D. 22). The Court granted Boyd's motion in part and denied it in part, noting that the Plaintiff's Complaint was "a classic example of an individual capacity claim." (D. 31 at pg. 5).

The Plaintiff filed her First Amended Complaint. (D. 68). Her expressed intention in amending it was "[t]o correct any legal requirement that the Sheriff be named in his official capacity to trigger the Sheriff's liability and the County's indemnification[.]" (D. 50 at pg. 3). The Sheriff and the County moved to dismiss the Plaintiff's First Amended Complaint, alleging, in relevant part, that the Plaintiff failed to state an official capacity claim against the Sheriff. (D. 69); (D. 60-1 at pp. 3-4); (D. 71). The Court agreed with the Defendants, but denied their

Motions and gave the Plaintiff leave to file another amended complaint. (D. 76). The Court emphasized:

> in order to allege a § 1983 claim against a municipality, the Plaintiff must allege (1) an express policy that caused the constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is well settled and permanent; or (3) that the constitutional injury was caused by a person with final policymaking authority. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007).

(D. 76 at pg. 5).

In response, the Plaintiff filed her Second Amended Complaint. (D. 77). She alleged that the Sheriff "was the employer and principal of" Boyd "and the final policy-maker for the office of the Sheriff." *Id*. at pg. 1. She further asserted that "Boyd was the person with final policy-making authority for the Sheriff's office[,]" he committed the relevant allegations "while cloaked with his authority as Sheriff" and, while acting as Sheriff, all to serve the office of the Sheriff. *Id*. at pg. 5. In her view, "Boyd's acts were committed by the Sheriff of Rock Island County, in his official capacity, as well as in Boyd's individual capacity." *Id*. The factual content of her complaint otherwise remained the same.

The Sheriff and the County now move to dismiss the Plaintiff's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D. 82). They argue the Plaintiff: (1) fails to state an official capacity claim against the Sheriff (D. 82-1 at pp. 5-9); (2) cannot sustain a *respondeat superior* claim against the Sheriff for Boyd's actions (*Id*. at pp. 9-10); (3) fails to state a personal capacity claim for which the Sheriff and the County can indemnify Boyd (*Id*. at pp. 10-11); and (4) the Sheriff and the County cannot indemnify Boyd for actions that were outside the scope of his duties/employment (*Id*. at pp. 11-12).

## LEGAL STANDARD

In reviewing the Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the Plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Allegations stated in the form of legal conclusions, however, are insufficient to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). A complaint must contain a short and plain statement of the plaintiff's claim, sufficient to show entitlement to relief and to notify the defendants of the allegations against them. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This standard is met if the plaintiff describes in sufficient factual detail enough to suggest a right to relief beyond a speculative level. *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Srvs.*, 496 F.3d 773, 776 (7th Cir. 2007).

More specifically, a complaint must go beyond "mere labels and conclusions" to contain "enough to raise the right to relief above the speculative level." *G&S Holdings, LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 537-38 (7th Cir. 2012). In short, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

## ANALYSIS

First, the Defendants argue the Plaintiff fails to state an official capacity claim against the Sheriff. (D. 82-1 at pp. 5-9). Citing *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) and *Auriemma v. Rice*, 957 F. 2d 397 (7th Cir. 1992), they claim the Plaintiff's mere accusation that Boyd was the Sheriff and final policymaker is insufficient. *Id*. at pp. 5-7. The Defendants claim she is required to further assert that his relevant actions were the actual policy of the office of the

Sheriff or a final decision he made toward executing the duties of the office. *Id*. at pg. 6. The Defendants also claim that in order for the actions of a final policymaker to be considered policy, thereby triggering municipal liability, the actions must specifically be within the actor's authority as final policymaker. (D. 82-1 at pp. 7-8). The Plaintiff asserts that she has properly alleged claims against the Sheriff in his official capacity. (D. 84 at pp. 7-10). In her view, alleging that Boyd violated her rights, while serving as Sheriff and final policymaker, is sufficient. *Id*. at 7.

Municipalities are not automatically liable for their employees' actions merely because they are their employer. *Monell v. Dept. of Social Svcs.*, 436 U.S. 658 (1978). The conduct of individuals with final policymaking authority for a municipality, however, represents official municipal policy and can trigger liability. *Pembaur*, 475 U.S. at 469, 482-83. The Plaintiff now alleges that Boyd, as the Sheriff and final policymaking authority, caused her injuries. This is one way to sufficiently plead an official capacity claim—*i.e.* "that the constitutional injury was caused by a person with final policymaking authority." *Lewis*, 496 F.3d at 656. The actions of ultimate policymakers "are policy even if patently unconstitutional." *Adamson v. Volkmer*, 680 F. Supp. 1191, 1198 (N.D. Ill. 1987). Accepting the Plaintiff's factual allegations as true, she has stated an official capacity claim against the Sheriff capable of triggering municipal liability.

Both parties cite *Pembaur*, which specifies that not all decisions made by municipal officers subject their municipality to § 1983 liability because it "attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." 475 U.S. at 481. In other words, municipal liability only attaches under § 1983 where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id*. The Seventh Circuit in *Auriemma* later clarified that actions which are

5

unauthorized and explicitly against municipal policy only trigger personal liability. 957 F. 2d at 400-01.

Unlike the defendants in *Auriemma*, here, the Defendants have not established that Boyd violated rather than implemented the Sheriff's policies, procedures, or customs. 957 F. 2d at 401. Therefore, the Plaintiff has sufficiently pleaded an official capacity claim against the Sheriff. The Defendants' Motion to Dismiss on the grounds that the Plaintiff fails to state an official capacity claim against the Sheriff is DENIED. As a result, the County is now an indispensable party. *Carver v. Sheriff of LaSalle County, Ill.*, 324 F.3d 947, 948 (7th Cir. 2003) (citing Fed. R. Civ. P. 17 and *Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127 (Ill. 2003)). The County will remain a party in this litigation regardless of the remaining direct claims against it.

Next, the Defendants argue the Plaintiff cannot sustain a *respondeat superior* claim against the Sheriff for Boyd's actions. (D. 82-1 at pp. 9-10). They reason that as elected officials, sheriffs only answer to their electorate and do not have the requisite principal-agent relationship to apply the doctrine. *Id*. The Plaintiff maintains that she has sufficiently alleged a *respondeat superior* claim against the Sheriff. (D. 84 at pp. 14-15). She brings her *respondeat superior* claim under state law. (D. 77 at pg. 8).

Under Illinois law, a county cannot be held liable for claims against a sheriff on the basis of *respondeat superior*. *Askew v. Sheriff of Cook County, Ill.*, 568 F. 3d 632, 637 (7th Cir. 2009) (citing *Moy v. County of Cook*, 640 N.E. 2d 926, 930 (Ill. 1994)); *Franklin v. Zaruba*, 150 F. 3d 682, 685 (7th Cir. 1998) (citing *Moy*, 640 N.E. 2d at 931). Likewise, "county boards cannot be held liable for their actions under *respondeat superior*." *Franklin*, 150 F. 3d 685 (citing *Moy*, 640 N.E. 2d at 931). To the extent that the Plaintiff is attempting to hold the Sheriff liable for

6

Boyd's actions, 55 ILCS 5/3-6016 also bars vicarious liability of a sheriff for the intentional torts of their employees. *Harris v. Sheahan*, 1998 WL 831822 (N.D. Ill.) (citing *Chaney v. City of Chicago*, 901 F. Supp. 266, 268 (N.D. Ill. 1995) and *J.P. Miller Artesian Well Company v. County of Cook*, 352 N.E. 2d 372, 373 (Ill. App. Ct. 1976)). As will be addressed in further detail below, the Plaintiff explicitly alleges all of Boyd's actions were willful and wanton. (D. 77 at pp. 6-8). Accordingly, the Defendants' Motion to Dismiss the Plaintiff's *respondeat superior* claims is GRANTED.

The Defendants further argue that the Plaintiff fails to state a personal capacity claim for which the Sheriff and the County can indemnify Boyd. (D. 82-1 at pp. 10-11). They maintain that as pleaded, the indemnification of her personal capacity claim suit is forbidden by 55 ILCS 5/5-1002. The Plaintiff asserts that this statute is inapplicable and that the Tort Immunity Act, 745 ILCS 10/9-102, allows for indemnification of the Sheriff in his individual and official capacities. (D. 84 at pp. 1-7).

The Court has already determined that the Plaintiff sufficiently pleaded a personal capacity claim against Boyd and an official capacity claim against the Sheriff. Section 5-1002 directly addresses the indemnity of sheriffs and provides that:

> If any injury to the person or property of another is caused by a sheriff or any deputy sheriff, while the sheriff or deputy is engaged in the performance of his or her duties as such… the county shall indemnify the sheriff or deputy, as the case may be, for any judgment recovered against him or her as the result of that injury, except where the injury results from the willful misconduct of the sheriff or deputy[.]

55 ILCS 5/5-1002.

The Plaintiff generally alleges that "Boyd acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to [her] rights." (D. 77 at pg. 6). This specific language is incorporated into the first four counts of her Second Amended Complaint and nearly identical language is used in the remaining two. *Id*. at pp. 6-8. The Plaintiff even

7

brings a separate state law claim titled willful and wanton conduct. *Id*. at pg. 7. The Court is required to accept her assertions as true. Therefore, pursuant to 55 ILCS 5/5-1002, the County will not be required to indemnify Boyd (or the Sheriff) for any judgment recovered against either of them in their personal capacities. *Carver v. Sheriff of LaSalle County, Ill.*, 243 F. 3d 379, 384 (7th Cir. 2001). The Defendants' Motion to Dismiss the Plaintiff's personal capacity indemnification claims pursuant to Section 5-1002 is GRANTED.

Lastly, the Defendants assert that the Sheriff and the County cannot indemnify Boyd for actions he took which were outside the scope of his employment. (D. 82-1 at pp. 11-12). The Plaintiff brings her state law indemnification count pursuant to 745 ILCS 10/9-102, the Tort Immunity Act. *Id*. at pg. 8. The Tort Immunity Act requires counties to pay a judgment entered against a sheriff's office in an official capacity. *Carver*, 324 F.3d at 947-48 (affirming the Illinois Supreme Court's finding in *Carver*, 787 N.E.2d at 141). Thus, as previously stated, the County remains an indispensable party in this matter. *Id*.

As noted by the Defendants, under Illinois law, the Tort Immunity Act also requires that municipal employees' acts be within the scope of their employment for them to be indemnified. (D. 82-1 at pg. 11) (citing *Wright v. City of Danville*, 675 N.E. 2d 110, 117-118 (Ill. 1996)). The Plaintiff claims that Boyd: (1) tracked down her address and cell phone number; (2) attempted to selectively enforce traffic laws against her; (3) directed a deputy to issue her a traffic citation; and (4) provided another law enforcement agency with false intelligence regarding possible criminal activity. *Id*. at pp. 2-5. The Plaintiff further claims that he did so in order to serve the office of the Sheriff, within the scope of his employment. *Id*. at pg. 5,8.

The parties dispute whether these activities were within the scope of Boyd's employment. (D. 82-1 at pp. 11-12); (D. 84 at pp. 10-14). For now, however, the Court must accept the

8

Plaintiff's allegation that Boyd's actions were within the scope of his employment as true. Here, a fact finder could reasonably conclude as such. The Court does not have definitive proof that Boyd's actions were performed purely for his own interest or that he departed from the scope of his employment. Therefore, the Defendants' Motion to Dismiss the Plaintiff's indemnification claim pursuant to the Tort Immunity Act is DENIED.

In summary, Counts I and II against Boyd and the Sheriff in their official capacities are sufficiently pleaded; Counts III and IV against Boyd were unchallenged; Count V, the Plaintiff's *respondeat superior* claim against the Sheriff for Boyd's actions is DISMISSED; and Count VI, her indemnification claim against the Sheriff for Boyd's actions, pursuant to the Tort Immunity Act, remains.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion (D. 82) is DENIED in part and GRANTED in part.

*It is so ordered.*

Entered on August 28, 2018

s/James E. Shadid
James E. Shadid
Chief United States District Judge