UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDREA FAVELA, )<br>)<br>Plaintiff, )<br>vs. )<br>)   No. 15 cv 4028<br>JEFFREY BOYD, et. al )<br>)<br>Defendants. ) | |

## NOTICE OF POTENTIAL CONFLICT

NOW COMES Defense Counsel for Defendants Sheriff of Rock Island County and Rock Island County, the Rock Island County State's Attorney's Office by and through Assistant State's Attorneys Kathy L. Swett and Patricia Castro and gives this Court notice of a potential conflict of interest in their continued representation of Defendants Sheriff of Rock Island County and Rock Island County;

1. The Rock Island County State's Attorney's Office has represented Defendants Sheriff of Rock Island County and Rock Island County since this case's inception in 2015.

2. On July 1, 2019 Attorney Dora Villarreal was sworn in as the Interim State's Attorney of Rock Island County to fill the remainder of the term of former State's Attorney John L. McGehee who was sworn in as a Circuit Court Judge on May 2, 2019.

3. Dora Villarreal represented Jeff Boyd as his criminal defense attorney in 2014 CM 1161 in which Defendant Boyd entered an Alford plea of guilty for attempted official misconduct.

4. That plea and the underlying facts of the criminal investigation conducted by Illinois State Police have been utilized as evidence and used for argument by all Parties in the present Civil action before this Court.

5. Defendants Sheriff and County have taken an adverse position to Mr. Boyd in this litigation.

6. Pursuant to Illinois Rule of Professional Conduct 1.9(a) a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

7. Pursuant to Illinois Rule of Professional Conduct 1.9(b) a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent.

8. Pursuant to Illinois Rule of Professional Conduct 1.9(c) a lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

9. Comment [2] to Rule 1.9 states, "When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited."

10. Comment [3] defines matters as "substantially related" if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

11. Pursuant to 55 ILCS 5/3-9005(a)(4) it is the duty of the State's Attorney to defend all actions and proceedings brought against his county or against any county or State officer, in his official capacity, within his county.

12. The State's Attorney through Assistant State's Attorneys Swett and Castro has been defending the County and Office of the Sheriff.

13. The current State's Attorney, through her representation of Mr. Boyd in his criminal matter, which had the same underlying facts, evidence, and in which the current Plaintiff was the victim has knowledge that could not have otherwise been obtained and was directly involved in a matter in which the clients she now represents pursuant to statute have taken an adverse position to her prior client.

14. Continued representation of Defendants Sheriff and County by the State's Attorney's Office violates Illinois ethical rules without Defendant Boyd giving informed consent.

WHEREFORE, In the event the State's Attorney's Office is conflicted out of representation of Defendants Sheriff and County, Counsel respectfully request adequate time for

substitute counsel to be obtained and for them to have time to prepare and present their availability for any pending trial.

                    Sheriff of Rock Island County and
                    Rock Island County, Defendants.

                    By: /s/ Kathy L. Swett
                    California Bar #278531
                    Illinois Bar# 6316491
                    /s/ Patricia Castro
                    Illinois Bar # 6242650
                    Assistant State's Attorneys
                    Attorneys for Defendants
                    State's Attorney's Office
                    1317 3rd Ave., 2nd Floor
                    Rock Island, IL 61201
                    Phone: (309) 558-3219
                    Fax: (309) 786-5052
                    Email: swettk@co.rock-island.il.us

## PROOF OF SERVICE

      I hereby certify that on August 8, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all parties and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF Participants:

Jeffrey Boyd
2516 35th St.
Rock Island, IL 61201

                    /s/Kathy L. Swett