UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA FAVELA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-4028-JES-JEH |
| | ) |
| JEFFREY BOYD, ROCK ISLAND COUNTY, and the SHERIFF OF ROCK ISLAND COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is now before the Court on Defendant Jeffrey Boyd's Motion (Doc. 158) for Judgment as a Matter of Law, or in the Alternative, for a New Trial. Defendants Rock Island County and the Sheriff of Rock Island County filed a Response (Doc. 160) to Defendant Boyd's Motion. Plaintiff also filed a Response (Doc. 161) to Defendant Boyd's Motion. For the reasons set forth below, Defendant Boyd's Motion is DENIED.

### BACKGROUND

On October 9, 2020, following a five-day trial, a jury returned a verdict in the favor of Plaintiff Andrea Favela and against Defendant Jeffery Boyd ("Boyd") on Plaintiff's equal protection claim and intentional infliction of emotional distress claim. The jury awarded Plaintiff $75,000 in compensatory damages and $225,000 in punitive damages. Additionally, the jury, in answering a special interrogatory, found Defendant Boyd did not act within the scope of his employment. Therefore, in effect, the jury found in favor of Defendants Rock Island County and the Sheriff of Rock Island County ("Rock Island") and against Plaintiff on this issue.

**DISCUSSION**

Defendant Boyd, for the first time, has moved for judgment as matter of law pursuant to Fed. R. Civ. P. 50. Boyd raises this challenge after the jury verdict and entry of judgment; therefore, the Court analyzes it under the procedural requirements of Rule 50(b). To properly raise a post-verdict Rule 50(b) motion, the moving party must have raised a pre-verdict Rule 50(a) motion. *Cole v. Meeks*, No. 15-1292-MMM, 2019 WL 4677000, at *3 (C.D. Ill. Sept. 25, 2019). *See Andy Mohr Truck Ctr., Inc. v. Volvo Trucks N. Am.*, 869 F.3d 598, 604–05 (7th Cir. 2017) ("If the court denies the Rule 50(a) motion, that party may renew its earlier motion under Rule 50(b), but it may raise only the grounds it advanced in the pre-verdict 50(a) motion"). A "Rule 50(b) motion is only a renewal of the preverdict motion[.]" *Wallace v. McGlothan*, 606 F.3d 410, 418 (7th Cir. 2010) (citing *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394, 404–05 (2006)). If a party raises a new argument in its Rule 50(b) motion, then "the non-moving party can properly object." *Id*. "[T]he purpose of the rule is to allow the responding party an opportunity to cure any defect in its case before it is submitted to the jury." *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 777 (7th Cir. 2002). Here, Boyd did not raise a Rule 50(a) motion on any grounds. Thus, he has waived any arguments for judgment as a matter of law and the Court need not address them. *See Webster v. CDI Indiana, LLC*, 917 F.3d 574, 578 (7th Cir. 2019) (holding the court need not address arguments the party failed to raise until its post-trial rule 50(b) motion). Because Boyd forfeited his eligibility for judgment under Rule 50, the Court addresses his arguments under the standard of Rule 59(a).

Alternatively, Boyd has moved for a new trial under Fed. R. Civ. P. 59. Rule 59(a)(1) allows a courts to "grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in

federal court." A court should grant a motion for a new trial only "if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (quoting *David v. Caterpillar, Inc.*, 324 F.3d 851, 863 (7th Cir. 2003)). To meet this standard, the movant must demonstrate that no rational jury could have rendered a verdict against them. *Woodward v. Corr. Med. Services of Illinois, Inc.*, 368 F.3d 917, 926 (7th Cir. 2004); *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008); *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006). Further, a Rule 59(a) motion "is not merely intended to secure a forum for the relitigation of old matters or to afford the parties the opportunity to present the case under new theories; instead, the motion is a device properly used to correct manifest errors of law or fact or to present newly discovered evidence." *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 n. 4 (7th Cir. 1990) (quoting *Rosera v. Int'l Harvester Co.*, 109 F.R.D. 143, 148–49 (E.D. Wis. 1986)). A court will not "set aside a jury verdict if a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of the evidence to the jury." *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004).

As a preliminary matter, Boyd's arguments are riddled with conclusory statements and lack any citation to the law. "[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) (quoting *Spath v. Hayes Wheels Int'l–Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000) (internal quotation omitted). *See also Clarett*, 657 F.3d at 674 (rejecting plaintiff's argument which failed to cite legal authority or make any meaningful argument in support of her claim); *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008) ("Unsupported and undeveloped arguments . . . are considered waived.").

Even affording a liberal construction to Boyd's Motion, there is no basis for the Court to overturn any portion of the jury's verdict.

Taking aside Boyd's severely underdeveloped arguments and objections he waived by not raising at trial, the best the Court can ascertain from Boyd's brief is that he challenges the sufficiency of the evidence presented at trial. Plaintiff prevailed on her equal protection claim and her claim for intentional infliction of emotion distress. "[T]he jury is the body best equipped to judge the facts, weigh the evidence, determine credibility, and use its common sense to arrive at a reasoned decision." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 925 (7th Cir. 2000). "Overturning a jury verdict is not something [the courts] do lightly." *Id*. In viewing the evidence in the light most favorable to the prevailing party at trial, Plaintiff in this case, the Court finds a reasonable basis exists in the record to support the verdict for her on both claims. Evidence presented included voluminous personal text messages, conversations at the gym, unsolicited gifts from Boyd to Plaintiff, Boyd's *Alford* plea to attempted official misconduct, GPS tracking results showing Boyd at or near where Plaintiff lived, a topless photo Boyd sent to Plaintiff. Plaintiff also produced evidence of the fear, anxiety, and distress she experienced because of Boyd's harassing behavior. The jury was also free to make credibility determinations in viewing the evidence and witnesses. In doing so, it can be assumed that any conflicts between the parties' testimony were resolved by the jury in favor of the prevailing party. *Kapelanski*, 390 F.3d at 531. Thus, a reasonable basis exists in the record to support the verdict for Plaintiff.

Finally, there is no factual or legal basis to overturn the jury's finding that Boyd was not acting within the scope of his employment when he committed acts that formed the basis of Plaintiff's claims. On this issue, the Court views evidence in a light most favorable to Rock Island because it prevailed on this issue at trial. Boyd admitted numerous times that he

continually contacted Plaintiff after she rebuffed him because he "wanted his friend back." The evidence showed Boyd had been contacting Plaintiff for months before he attempted to use the pretext of the sheriff's office to persuade Plaintiff into meeting with him or speaking with him. No evidence showed Rock Island knew of Boyd's inappropriate actions and disregarded them. In fact, evidence showed when Rock Island became aware of Boyd's interactions with Plaintiff, it investigated him for official misconduct, to which he ultimately entered an *Alford* plea. These are just some examples of evidence the jury could have considered in its finding that Boyd was not acting within the scope of his employment. After five days of trial, the jury concluded just that, and this Court finds there was a reasonable basis to support the jury's determination. Accordingly, Rock Island remains not liable for Boyd's actions.

## CONCLUSION

For the reasons set forth above, Defendant Boyd's Motion (Doc. 158) for Judgment as a Matter of Law or in the Alternative for a New Trial is DENIED.

Signed on this 2nd day of December, 2020.

s/James E. Shadid
James E. Shadid
United States District Judge
